**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ARNOLD, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　　　　Defendant. | Case No.  5:19-cv-00265<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Michael Arnold ("Mr. Arnold" or "Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Portfolio Recovery Associates, LLC ("Portfolio Recovery" or "Defendants") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place calls using an ATDS to consumers who did not provide their prior express written consent to receive them; and (3) obtain redress for all persons injured by its conduct.

## PARTIES

1. Plaintiff Michael Arnold is a resident of Upland, California, and at all times mentioned herein, was a citizen of the State of California.

2. Defendant Portfolio Recovery Associates, LLC is, upon information and belief, a corporation organized under the laws of Delaware with a principal place of business at 120 Corporate Boulevard, Suite 100, Norfolk, VA 23502. Portfolio Recovery conducts business in this District and throughout the United States.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed Class; (b) some members of the proposed Class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

CLASS ACTION COMPLAINT                                                                                          1

4. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, Plaintiff reside within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.    The Telephone Consumer Protection Act Of 1991**

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

8. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.    Defendant's Calls to Plaintiff and Class Members**

9. Defendant called Mr. Arnold from multiple telephone numbers using an autodialer without his prior express written consent on at least two (2) occasions:

| **Date** | **Time** | **Calling Number** |
|---|---|---|
| 12/15/2018 | 12:06 PM PST | (312) 386-7439 |
| 12/14/2018 | 5:00 PM PST | (336) 387-0465 |

10. When Plaintiff answered Defendant's calls, he heard a momentary pause. This pause is a hallmark of a predictive dialer. According to the Federal Communications Commission and experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

11. There is no dispute that Portfolio Relief owns every number that called Plaintiff, as when each number is called back, a recording states: "Thank you for calling Portfolio Recovery Associates . . ."

12. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed calls were being made to consumers' telephones through its own efforts and those of its agents.

13. Defendant knowingly made (and continues to make) autodialed calls to consumers' telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

C. **Complaints Regarding Defendant's Unsolicited Calls**

14. Online consumer complaints regarding Defendant's unsolicited autodialed calls are legion:

- "Keep calling from different numbers! Portfolio Recovery😠" [1]

---

[1] https://www.numberguru.com/phone/513/298/5134/.

- "They are relentless and will spoof call from all different numbers. They've been in trouble numerous times and sued over and over. Don't know why they continue. I just don't answer numbers I don't recognize and block them afterwards"[2]

- "they keep calling and calling and calling."[3]

- "Answered the phone several times today no one responded on the other end. They have called before 8am and after 9pm on several occasions. Don't know the number which is why I answered thinking it could be and [out of] State family member. Look it up and now I see it's a debt collector but I have no outstanding debts." [4]

15. These complaints represent just a small sampling of voluminous customer complaints regarding Portfolio Recovery's practices and clear violations of the TCPA.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

17. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

18. Plaintiff represents, and is a member of, this proposed class. Excluded from the class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

---

[2] https://www.whycall.me/513-298-5134.html.
[3] *Id.*
[4] https://800notes.com/Phone.aspx/1-513-298-5134/2.

19. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class Members are so numerous that individual joinder would be impracticable.

20. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

21. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

22. The proposed Class can be identified easily through records maintained by Defendant.

23. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiff and class members using an ATDS without prior express consent;
   b. Whether Defendant's conduct was knowing and/or willful;
   c. Whether Defendant is liable for damages, and the amount of such damages, and
   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

24.     **Typicality.**  Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received calls on their telephones using an ATDS without their prior express written consent.  Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

25.     **Adequacy of Representation.**  Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

26.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27.     **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.

28.     Class wide relief is essential to compel Defendant to comply with the TCPA.

29.     The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

30.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

31.     Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

32. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

33. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

37. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

   a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

   b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

   c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

   d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

   e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Class, finding that Plaintiff is a proper representative of the Class, and

appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

f. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated: February 8, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _/s/ L. Timothy Fisher_
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorney for Plaintiff*